# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TERENCE JAY ARAGUZ,**

        **Plaintiff,**

**v.**                                                       Case No: 6:17-cv-1964-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Terence Jay Araguz (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI). Doc. 1. Claimant argued that the Administrative Law Judge (the ALJ) erred by failing to apply the correct legal standards to the opinion of Gary Bennett, Ph.D. Doc. 17 at 11-12. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I. THE ALJ'S DECISION

Claimant filed an application for DIB and SSI in 2013. R. 17. Claimant alleged a disability onset date of January 1, 2013. *Id.*

The ALJ issued his decision on September 15, 2016. R. 17-27. In the decision, the ALJ found that Claimant had the following severe impairment: osteoarthritis of the right shoulder. R. 19. The ALJ found that Claimant had a residual functional capacity (RFC) to perform the full

range of medium work as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c).[1]  R. 21.  The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing his past relevant work.  R. 72.  Therefore, the ALJ found that Claimant was not disabled.  R. 26-27.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.  The district court "'may not decide the facts anew, reweigh the evidence, or

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c); 416.967(c).

substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III. ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is

rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c).

On August 8, 2016, Dr. Bennett, an independent psychological expert, completed a medical source statement and a medical interrogatory regarding Claimant's mental impairments. R. 471-79. In the medical interrogatory, Dr. Bennett stated, in part, as follows:

> I agree with Dr. Kirmani's opinion from his April, 2016 consultative evaluation (6F): [Claimant] should be able to make personal and social adjustments, and understand. remember, and carry out instructions. He should be able to maintain regular attendance and relate predictably. In his mental status report from October, 2013, Dr. Kher noted Mr. Araguz should be able to handle work that is not stressful (1F). *Given that opinion*, a low stress work environment which does not require meeting high production quotas seems appropriate

R. 479 (emphasis added). The ALJ considered Dr. Bennett's medical source statement and medical interrogatory and found that Dr. Bennett's opinion was entitled to significant weight. R. 23-24.

Claimant argues that the ALJ failed to apply the correct legal standards to Dr. Bennett's opinion. Doc. 17 at 11-12. Specifically, Claimant argues that despite giving Dr. Bennett's opinion significant weight, the ALJ failed to account for Dr. Bennett's opinion that a "low stress work environment which does not require meeting high production quotas seems appropriate." *Id.*

The Commissioner argues that the ALJ did not err because he properly accounted for Claimant's alleged need for a low stress work environment when he rejected a similar opinion from Harish Kher, M.D. Doc. 17 at 12-16. The Court agrees.

At the outset, the Court notes that it is not convinced that Dr. Bennett's statement – that "[g]iven [Dr. Kher's] opinion, a low stress work environment which does not require meeting high production quotas *seems* appropriate" – is a medical opinion. Indeed, that statement appears to be entirely based upon another doctor's opinion, one which Dr. Bennett did not expressly adopt. Further, Dr. Bennett does not say that Claimant requires a low stress work environment. Rather, Dr. Bennett said only that a low stress work environment "seems appropriate." Regardless, the Court need not reach this issue here.

On October 7, 2013, Dr. Kher opined that Claimant could handle a job that is not stressful. R. 372. The ALJ considered this opinion from Dr. Kher and found that it was entitled to "little weight." R. 22. The ALJ explained, in part, that the opinion "is inconsistent with the fairly benign mental status examination findings in [Dr. Kher's] treatment notes." *Id*. Given that Dr. Kher's opinion was the basis for, and is consistent with, Dr. Bennett's statement regarding a low stress work environment, the Court finds that the ALJ's explanation for assigning Dr. Kher's opinion little weight is equally applicable to Dr. Bennett's statement regarding a low stress work environment. And Claimant offered no argument to suggest that the ALJ's reason for giving Dr. Kher's opinion little weight was insufficient, thus waiving the argument. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, 664 Fed. Appx. 774, 777 n.2 (11th Cir. 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418,

1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Regardless, the Court finds that the ALJ's reason for giving Dr. Kher's opinion little weight is supported by substantial evidence. *See* R. 428-33, 439-57, 460-70. Given the foregoing, and based upon the specific circumstances presented in this case, the Court rejects Claimant's assignment of error.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

**2.** The Clerk is directed to enter judgment for the Commissioner and against Claimant, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable John Marshall Meisburg, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Bldg 400, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224